MICHAEL P. DACQUISTO, ESQ.
State Bar Number 84894
1901 Court Street
Redding, California 96001

Telephone: (530) 244-6007
Fax: (530) 244-0907
Email: mdacquisto@charter.net

Attorney for Linda Schuette, Chapter 7 Trustee

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re: | NO. 10-21548-C-7 |
| THOMAS M. SAVASTA, KATHERINE M. SAVASTA | DCN: MPD-2 |
| Debtors / | Date: December 14, 2010<br>Time: 9:30 a.m.<br>Place: Courtroom 35, Dept C<br>501 I Street, 6th Floor<br>Sacramento, CA 95814 |

**MOTION FOR AUTHORIZATION TO SELL THE DEBTORS' INTEREST IN PERSONAL**

**PROPERTY DESCRIBED AS 14 FIREARMS**

Linda Schuette (hereafter "Schuette"), the chapter 7 trustee in this case, submits the following for the court's consideration in connection with her motion for authorization to sell the debtors' interest in personal property described as 14 firearms (hereafter "Property") for $1,845.00. The Property is being sold as one lot. The Property consists of 4 shotguns, 5 rifles and 5 pistols. An itemized description of the Property is attached to the Notice of Hearing.

**I. STATEMENT OF FACTS**

These proceedings were instituted when the debtors Thomas M. Savasta and Katherine M. Savasta filed their petition under the United States Bankruptcy Code on January 22, 2010. Schuette was appointed the Chapter 7 trustee.

Page 1

During the course of administering the estate Schuette discovered one of the assets of this estate is the debtors' interest in the Property. Schuette wishes to sell the Property to generate funds for the estate and requests authorization to complete this sale.

Schuette has accepted an offer from Olde West Gun & Loan Inc. (hereafter "Buyer") subject to court approval and potential overbid to buy the debtors' interest in the Property for $1,845.00. Schuette understands the proposed Buyer is not related to the debtors in the instant bankruptcy estate. There are no known deductions to be taken from the sales price, other than the debtors' claimed exemption of $900.00.

Schuette believes this price is at or near the present maximum obtainable sale price for the Property. Failure to sell at this price and time may result in detriment to the estate, rather than gain. Delay may result in diminution in value of the Property and potentially increased holding costs.

## II. MEMORANDUM OF POINTS AND AUTHORITIES

### A. THIS COURT HAS AUTHORITY TO AUTHORIZE THE SALE OF ASSETS OUTSIDE THE ORDINARY COURSE OF BUSINESS UNDER 11 U.S.C.§363(b)(1).

Title 11 U.S.C. §363(b)(1) provides:

> "The trustee, after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate." (11 U.S.C. §363(b)(1))

This court's power to authorize the proposed sale under 11 U.S.C. § 363(b) is to be exercised in its discretion. *In re Lionel Corp.* 722 F.2d 1063, 1069 (2d Cir. 1983); *In re Coastal Cable T.V., Inc.* 24 B.R. 609, 611 (Bankr. 1st Cir. 1982), rev. on other grounds, 709 F.2d 762 (1st Cir. 1983); *In re Baldwin United Corp.* 43 B.R. 888, 905 (Bankr. S.D. (Ohio 1984); *In re Ancor Exploration Co.* 30 B.R. 803, 808 (Bankr. N.D. Okla. 1983).

In Lionel, *supra*, a standard was established against which to measure the court's judicial exercise of its discretionary powers to approve a sale of assets outside the ordinary course of business under 11 U.S.C. §363(b). The *Lionel* court held that for the court to exercise proper discretion, a good business reason must be shown. Further, the court stated

the discretionary power was available to further the interests of the debtor, its creditors, and its equity security holders. *Id.* at 1071.

The *Lionel* decision was adopted by the Ninth Circuit Bankruptcy Appellate Panel in *Walter v. Sunwest Bank* (*In re Walter*), 83 B.R. 14 (Bankr. 9th Cir. 1988), which approved language that the trustee must demonstrate a good business reason for selling the property.

In this case Schuette has sound business reasons for selling the Property. She will be able to liquidate an asset and create a fund out of which creditors will be paid. The price being paid for the Property is fair and reasonable. Selling now prevents further delay, possible decrease in value and potential additional costs associated with continued holding of the Property. Under these circumstances this court's approval of the proposed sale would be a sound exercise of its discretion.

## III. CONCLUSION

For all the reasons set forth above Schuette respectfully requests this court enter an order authorizing her to sell the Property under the terms and conditions set forth above, that the court authorize her to sign all documents necessary or convenient to complete the sale, that the court authorize and approve payment of the debtors' exemption of $900.00 to them only after the order approving sale is final, that no further motion or order of the court be required with regard to completing the sale, and for any further relief the court deems appropriate.

Date: November 10, 2010

/s/ Michael P. Dacquisto
MICHAEL P. DACQUISTO,
Attorney for Chapter 7 Trustee,
LINDA SCHUETTE