**4**

MICHAEL P. DACQUISTO, ESQ.
State Bar Number 84894
1901 Court Street
Redding, California 96001

Telephone: (530) 244-6007
Fax: (530) 244-0907
Email: mdacquisto@charter.net

Attorney for Linda Schuette, Chapter 7 Trustee

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re: | NO. 10-21548-C-7 |
| THOMAS M. SAVASTA, <br> KATHERINE M. SAVASTA | DCN: MPD-3 |
| _____ Debtors _____ / | Date: December 14, 2010 <br> Time: 9:30 a.m. <br> Place: Courtroom 35, Dept C <br> 501 I Street, 6th Floor <br> Sacramento, CA 95814 |

MOTION FOR AUTHORIZATION (1) TO SELL THE DEBTORS' 50% INTEREST IN THE FOLLOWING REAL PROPERTY (A) A CABIN LOCATED AT 19663 SOLUS CAMPGROUND ROAD, LAKEHEAD, CA, BEARING SHASTA COUNTY APN 084-020-013 AND (B) AN RV PARK AND CAMPGROUND LOCATED AT 19663 SOLUS CAMPGROUND ROAD, LAKEHEAD, CA, BEARING SHASTA COUNTY APN 084-360-005, AND (2) TO SELL THE DEBTORS 50% INTEREST IN PERSONAL PROPERTY DESCRIBED AS THE PARTNERSHIP THAT OPERATES THE RV PARK AND CAMPGROUND KNOWN AS THE BIG HORSE RESORT AND RV PARK CAMPGROUND

Linda Schuette (hereafter "Schuette"), the chapter 7 trustee in this case, submits the following for the court's consideration in connection with her motion for an order authorizing (1) sale of the debtors' 50% interest in the following real property (a) a cabin located at

19663 Solus Campground Road, Lakehead, CA, bearing Shasta County APN 084-020-013 and (b) an RV park and campground located at 19663 Solus Campground Road, Lakehead, CA, bearing Shasta County APN 084-360-005, and (2) sale of the debtors' 50% interest in personal property described as the partnership that operates the RV park and campground known as the Big Horse Resort and RV Park Campground (hereafter "Property") for $20,000.00.

## I. STATEMENT OF FACTS

These proceedings were instituted when the debtors Thomas M. Savasta and Katherine M. Savasta filed their petition under the United States Bankruptcy Code on January 22, 2010. Schuette was appointed the Chapter 7 trustee.

During the course of administering the estate Schuette discovered one of the assets of this estate is the debtors' interest in the Property. Schuette wishes to sell the Property to generate funds for the estate and requests authorization to go forward and complete this sale.

Schuette has accepted an offer from Lillian Lewis (hereafter "Buyer") subject to court approval and potential overbid to buy the debtors' interest in the Property for $20,000.00. In addition Buyer will pay the estate for all tax obligations incurred by the estate as a result of the sale. Schuette understands the Buyer is the co owner of the Property with the debtors. The Buyer is taking the Property subject to all liens and encumbrances and will pay all closing and escrow costs. There are no anticipated deductions from the sales price other than the debtors' claimed exemption of $5,000.00 in the cabin. This leaves an estimated recovery for the estate of approximately $15,000.00.

Schuette has been paid the $20,000.00 purchase price. She proposes to accept overbids in increments of $2,000.00 at the time of the hearing or in any other amount approved by the court. All persons wishing to bid must provide Schuette or her counsel, no later than 24 hours prior to the hearing, $20,000.00 plus proof of financial ability to close the sale and proof of ability to pay all tax obligations incurred by the bankruptcy estate as a result of the sale. If the sale is completed by the winning bidder the $20,000.00 will be a

credit towards the purchase price. If the winning bidder does not complete the sale the $1,000.00 is forfeited to the estate. All deposits received from non winning bidders will be returned to them.

Schuette believes this price is at or near the present maximum obtainable sale price for the Property. Failure to sell at this price and time may result in detriment to the estate, rather than gain. Delay may result in diminution in value of the Property and potentially increased holding costs.

The motion requests the sale proceeds be placed into the debtors' estate and be used to pay administrative expenses, legal fees and creditors pursuant to the normal statutory scheme. The purchase price allocates $5,000.00 towards the value of the cabin. The debtors have exempted $5,000.00 in value for the cabin. Schuette proposes to pay the debtors this amount after they have vacated the Property and after the order approving this sale becomes final.

## II. MEMORANDUM OF POINTS AND AUTHORITIES

### A. THIS COURT HAS AUTHORITY TO AUTHORIZE THE SALE OF ASSETS OUTSIDE THE ORDINARY COURSE OF BUSINESS UNDER 11 U.S.C.§363(b)(1).

Title 11 U.S.C. §363(b)(1) provides:

> "The trustee, after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate." (11 U.S.C. §363(b)(1))

This court's power to authorize the proposed sale under 11 U.S.C. § 363(b) is to be exercised in its discretion. *In re Lionel Corp.* 722 F.2d 1063, 1069 (2d Cir. 1983); *In re Coastal Cable T.V., Inc.* 24 B.R. 609, 611 (Bankr. 1st Cir. 1982), rev. on other grounds, 709 F.2d 762 (1st Cir. 1983); *In re Baldwin United Corp.* 43 B.R. 888, 905 (Bankr. S.D. (Ohio 1984); *In re Ancor Exploration Co.* 30 B.R. 803, 808 (Bankr. N.D. Okla. 1983).

In Lionel, *supra*, a standard was established against which to measure the court's judicial exercise of its discretionary powers to approve a sale of assets outside the ordinary course of business under 11 U.S.C. §363(b). The *Lionel* court held that for the court to

exercise proper discretion, a good business reason must be shown. Further, the court stated the discretionary power was available to further the interests of the debtor, its creditors, and its equity security holders. *Id.* at 1071.

The *Lionel* decision was adopted by the Ninth Circuit Bankruptcy Appellate Panel in *Walter v. Sunwest Bank* (*In re Walter*), 83 B.R. 14 (Bankr. 9th Cir. 1988), which approved language that the trustee must demonstrate a good business reason for selling the property.

In this case Schuette has sound business reasons for selling the Property. She will be able to liquidate an asset and create a fund out of which creditors will be paid. The price being paid for the Property is fair and reasonable. The Buyer is taking the Property subject to all liens and encumbrances and is guaranteeing payment to the bankruptcy estate for all tax obligations incurred as a result of this sale. Sale of a one half interest in the Property is difficult and the market for these types of buyers is limited. Selling now prevents further delay, possible decrease in value and potential additional costs associated with continued holding of the Property. Under these circumstances this court's approval of the proposed sale would be a sound exercise of its discretion.

### III. CONCLUSION

For all the reasons set forth above Schuette respectfully requests this court enter an order authorizing her to sell the Property under the terms and conditions set forth above and in the real estate sales contract, that the court authorize her to sign all documents necessary or convenient to complete the sale, that no further motion or order of the court be required with regard to completing the sale, and for any further relief the court deems appropriate.

Date: November 10, 2010

/s/ Michael P. Dacquisto
MICHAEL P. DACQUISTO,
Attorney for Chapter 7 Trustee,
LINDA SCHUETTE